## McFARLAND v. RAY McDONALD CO. (No. 8103.)

(Court of Civil Appeals of Texas. Dallas. May 3, 1919. Rehearing Denied June 21, 1919.)

1. TRIAL &#9090;244(6) — INSTRUCTIONS — UNDUE PROMINENCE.

Instruction to include in amount due plaintiff specified amounts due on specified accounts, "and any other amount you find chargeable to such accounts," where there was evidence of other amounts due on such accounts, was misleading, and calculated to cause jury to attach too much weight to specified amounts.

2. CONTRACTS &#9090;349(3) — ROAD CONSTRUCTION CONTRACT—EVIDENCE—SETTLEMENT.

In action for amount due plaintiff by defendant, who, with funds furnished by plaintiff, had performed road construction contract sublet to plaintiff by original contractor, evidence of a settlement of accounts entered into between defendant and plaintiff's agent *held* admissible.

3. CONTRACTS &#9090;349(1) — ROAD CONSTRUCTION CONTRACT—DISCHARGE OF NOTE—EVIDENCE.

In action for amount due plaintiff by defendant, who, with funds furnished by plaintiff, had performed road building contract which had been sublet to plaintiff by original contractor, evidence of a statement between original contractor and defendant was admissible to show that defendant's note to plaintiff, deposited with contractor to secure what original contractor had advanced defendant for plaintiff, had been discharged by amounts retained by contractor out of amounts due defendant.

4. PLEDGES &#9090;26—PAYMENT OF NOTE.

Where subcontractor of road construction contract made contract whereby third party constructed road with funds furnished by subcontractor, and deposited third party's note with original contractor as collateral to secure advances to third party by original contractor for subcontractor, any act by original contractor, as far as receiving payment, was binding on subcontractor.

Appeal from District Court, Navarro County; H. B. Daviss, Judge.

Suit by the Ray McDonald Company against S. L. McFarland. From judgment rendered, defendant appeals. Reversed and remanded.

Simkins & Simkins, of Corsicana, for appellant.

Calicutt & Johnson, of Corsicana, for appellee.

RAINEY, C. J. This suit grew out of a contract between appellant, McFarland, and appellee, McDonald, to construct a part of a gravel road in Navarro county, whereby McFarland agreed to do the work and McDonald was to furnish the funds, when necessary, to carry out the project. At the conclusion of the work McDonald and McFarland disagreed on a settlement, and McDonald brought suit against McFarland for the amount of $4,520.20, alleged to be due him on account, and a certain note executed by McFarland for $831.10 and interest, which was included in said $4,520.20, and which note was then in the possession of Roach-Managin Paving Company of Texas, and to foreclose a chattel mortgage lien upon certain live stock and camp equipment given by McFarland, and sued out a writ of garnishment against D. C. Crownover, impounding a debt due by note to said McFarland for $1,-420, with interest, said note also being in the possession of Roach-Managin Paving Company of Texas, secured by a mortgage lien on certain personal property, and also the sum of $1,200 due McFarland by said Crownover.

McFarland answered generally and by cross-bill:

"(1) Against Ray McDonald Company for the sum of $1,071.28 under the terms of the contract between himself and said Ray McDonald Company and for cancellation of the aforesaid $831.10 note, which he alleged had been fully paid off by him; also for the sum of $500 for loss of time for failure to deliver gravel for the doing of said work; and for the further sum of $1,225 against plaintiff and Ray McDonald and H. A. Wroe as sureties upon the bond in garnishment filed by plaintiff as actual damages, and for the sum of $10,000 as punitory damages, alleged to be due defendant by reason of the wrongful issuance and levy of the writ of garnishment on D. C. Crownover.

"(2) Against Roach-Managin Paving Company of Texas as the holder of the two notes above referred to, to wit, one for $831.10, given by S. L. McFarland to Ray McDonald Company and alleged by him to have been paid by the moneys paid over by Roach-Managin Paving Company of Texas to Ray McDonald from time to time upon estimates of the work done by said S. L. McFarland; and the other for $1,-420, executed by said D. C. Crownover to S. L. McFarland, and held by said Roach-Managin Paving Company of Texas to secure certain indebtedness held by it against Ray McDonald Company under its contract with Roach-Managin Paving Company of Texas, as above alleged, and asking that Roach-Managin Paving Company of Texas be directed to bring said two notes into court and turn same over to defendant, S. L. McFarland.

"(3) Against one Del Walker, who was setting up some character of claim to or interest in the indebtedness alleged by plaintiff, Ray McDonald Company, to be due it by said S. L. McFarland, and also to the two promissory notes then in the possession of Roach-Mana-

gin Paving Company of Texas and above set out.

"(4) Against his codefendant and garnishee, D. C. Crownover, asking for judgment on the $1,420 note given by D. C. Crownover to S. L. McFarland, with interest thereon from May 20, 1915, at the rate of 8 per cent. per annum and for foreclosure of a chattel mortgage lien upon certain mules and horses and camp equipment and road tools, and being the same chattel mortgage described in plaintiff's pleadings, and also for judgment upon an open account against said D. C. Crownover in the sum of $1,238.79."

Roach-Managin Paving Company of Texas filed its answer, setting up that it held the Crownover $1,420 note and the McFarland $831.10 note (being the same above described) as a stakeholder, and advising the court of its willingness to turn said two notes over to whom the court should adjudge same belonged. Plaintiff, as an answer to defendant S. L. McFarland's pleadings, filed its first supplemental petition, pleading the general issues and excepting specially to defendant's pleadings and particularly to that part seeking actual and exemplary damages by reason of the suing out of the garnishment against D. C. Crownover, and, in addition to the relief sought by its first amended original petition filed February 17, 1916, sought a judgment for the further sum of $400 as demurrage alleged to have been caused by the delay and negligence of defendant, S. L. McFarland, in the removal of the gravel from the cars of the railroad company and in the doing of the work on said road.

A trial before a jury on special issues resulted in a judgment in favor of Ray McDonald Company against McFarland for $2,218.41, and foreclosure of mortgage lien, a judgment in favor of McFarland against Crownover for $3,301.60, and foreclosure of lien and a judgment on the garnishment proceedings in favor of plaintiff on the answer of Crownover, and $75 attorney's fees for filing answer of Crownover. From this judgment McFarland appeals.

The first and second assignments of error relate to the same matter, and are presented together. The effect is that the court erred in charging that McFarland was liable for the sum of $400 charged by the railroad company as demurrage. McFarland was liable for this demurrage by contract between him and McDonald Company, and there was nothing done by said McDonald Company to transfer liability to it and relieve McFarland of the burden of its payment; therefore there was no error in the court's action in telling the jury that the burden was on McFarland.

Assignments 3, 4, and 5 all relate to the submission of the third question, and complain of the verdict as to the roller account, and the erroneous charges of the court in assuming certain amounts to be established and upon the weight of the evidence.

The third question presented by the court to the jury for their guidance and determination is as follows:

"Eliminating, and not reckoning or considering, the price and value of loading and hauling gravel for the first quarter of a mile, whether at 20 cents or 30 cents, what is the amount due by Ray McDonald Company to S. L. McFarland for work done on the Emhouse road and by reason of said road contract? You are instructed to include in this estimate the roller account of $1,017.69, and any other amount that you find chargeable to the roller accounts; moneys drawn by Ray McDonald, $425.00, and any other amounts of money used by McDonald or his employés and made to enter into this account: First State Bank notes, $751.00; cash paid Sam Hornbeak $50; amount paid for grader work, $350.25; amount of embankment work $2,805.50; excavation work, $1,238.64: 328 feet of pipe $39.36; 196 feet of pipe $23.52; 60 feet of pipe, $14.40; excavation work $14.10; force account, $324.47; hauling gravel after first quarter mile, first quarter mile to be excluded, $4,841.31; and include any and all amounts of indebtedness, if any, which you find from the preponderance of the evidence that Ray McDonald Company did owe to S. L. McFarland on December 23, 1915. And you will exclude and not consider the items charged by McFarland in his accounts against Ray McDonald Company, as follows: First. For teams on grader running gravel, $22, $23, $32, $8, $36, $33, $10, $13, $26, $31, $29, $62, $64, $149, $153, total $541. And, third, unloading gravel out of cars, $306. And you will exclude all items for extra work, save and except such extra work, if any, as you find was done by defendant, McFarland, at the instance and request of Ray McDonald."

[1] In this question the court assumed that the roller account of $1,017.69 and other specified amounts were correct, when there was testimony going to show that other amounts were due, which gave those amounts specified undue weight and was calculated to cause the jury to go no further, but to accept those amounts as duly established, and it would be unnecessary to consider the evidence further. It is true that they were told to include any other amounts that were found chargeable to the roller account, or money drawn by McDonald Company, but that did not eliminate the error under the circumstances of having specified the sums in the manner that the court did. Other amounts were definitely specified for the jury to consider as established that were contested. While some of these were testified to as correct, there was conflicting evidence which forbade the judge assuming that they were correct, but he should have left the whole evidence for the jury, from which the jury could determine the correctness of such items. We think that the manner in which this issue was submitted by the court was calculated to mislead the jury and confuse them as to their correct finding.

Assignment 8 complains of the court's refusal to give the following charge, to wit:

"Did defendant, S. L. McFarland, do and perform other work independent of the two contracts shown in evidence before you, or what is commonly called 'extra work'? If he did so, then please state what it was"

—and also in giving the charge embraced in the ninth assignment of error, as follows:

"Because the court erred in peremptorily instructing the jury as follows: And you will exclude and not consider the items charged by McFarland in his accounts against Ray McDonald Company as follows: First, for teams on grader running gravel $22, $23, $32, $8, $36, $33, $10, and $14, total, $178; second, for teams running grader $4, $10, $13, $26, $31, $29, $62, $64, $149, $153, total, $541; and, third, unloading gravel out of cars $306. And you will exclude all items for extra work save and except such extra work, if any, as you will find was done by defendant McFarland at the instance and request of Ray McDonald."

McFarland had pleaded that this was extra work, and McDonald Company had denied he had agreed to pay for said extra work, which created a controverted issue, which should have been presented to the jury for determination. Whether it was extra work or not was a question of fact, and the evidence was sufficient to require its submission to the jury.

[2] We think the court erred in refusing to permit McFarland to answer how much the difference was when witness and plaintiff had a settlement of accounts on December 23, 1918. McFarland had pleaded that in said settlement the difference then owing was $138.47. The objection to the answer of said witness was because it was a matter of calculation. The statement signed by McFarland and Martin, McDonald & Company's agent, was in evidence, and the matter of difference was a matter of calculation. McFarland testified that—

"All of those amounts that were added to those pay rolls were taken into consideration in the settlement between Mr. Martin and I. Outside of those matters which were taken into consideration in the settlement between Martin and I there were some amounts that went to Martin, which were chargeable to McDonald."

Considering the conflicting testimony and the circumstances surrounding the parties, we think the excluding of this answer was error.

The fourteenth and fifteenth assignments of error are:

"(14) Because the court erred in refusing to permit defendant to put in evidence a statement furnished by Roach-Managin Paving Company to defendant, showing a statement of accounts, including debits and credits from May 24, 1915, to November 1, 1915, and here specifically referred to, all as shown by defendant's bill of exception herein.

"(15) Because the court erred in charging the jury in paragraph second of question second to include in its estimate of what defendant, S. L. McFarland, owed plaintiff 10 per cent. interest and 10 per cent. attorney's fees upon a note of $831.10 executed by defendant, S. L. McFarland, said charge assuming that there was no testimony tending to show that the note had been paid off and discharged by amounts retained in the possession of Roach-Managin Paving Company, or that the interest on said note had been paid out of amounts retained in the possession of Roach-Managin Paving Company."

[3] The proposition under these assignments is:

"The question of whether or not said note had become settled and extinguished by monthly estimates became and was a material inquiry for the jury, and it was manifestly error on the part of the trial court in refusing to permit said evidence to go to the jury."

[4] This note and others were placed in the hands of Roach-Managin Paving Company as collateral to secure what they had advanced to McFarland for McDonald & Co. The statement offered showed a settlement between McDonald and Roach-Managin Paving Company, which included the notes mentioned and other things, and furnished evidence as to the payment of the note. Roach-Managin Paving Company had sublet the road contract to Ray McDonald Company, and McDonald Company had sublet to McFarland. Roach-Managin Paving Company and McDonald Company had transactions with each other, and McFarland was connected therewith and was dealing with Roach-Managin Paving Company and paying off the note, it being held by them as security for Ray McDonald Company. Any act in relation to the note, as far as receiving payment, was binding on McDonald & Co. McFarland had pleaded the payment and discharge of said note, and that he was entitled to show it by legitimate evidence.

For the error indicated, the judgment is reversed, and cause remanded.